CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PAUL J. HARRIS, JR., <br>     Plaintiff, | ) <br> )    Civil Action No. 7:04-cv-00277 <br> ) |
| v. | )    **MEMORANDUM OPINION** <br> ) |
| EDWARD L. CROSLEY, JR., et al., <br>     Defendants. | )    By: Hon. James C. Turk <br> )    Senior United States District Judge |

Plaintiff Paul J. Harris, Jr. has filed this pro se civil action pursuant to 42 U.S.C. §1983 with jurisdiction vested under 28 U.S.C. §1343. The plaintiff's claims stem from an incident that occurred on May 4, 2002 at the Central Virginia Regional Jail of Orange County, hereinafter the "jail", where the plaintiff was struck by another inmate with a scrub brush. In his complaint, plaintiff alleges defendants violated his Eighth Amendment rights by not separating violent and non-violent criminals, not separating federal and state criminals, not establishing adequate and safe tool control policies, and not securing and monitoring tools. As relief, Harris seeks monetary damages.

Defendants have filed a motion for summary judgment. The court notified plaintiff of defendants' motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and advised plaintiff that his failure to reply to the defendants' motion may result in summary judgment being granted for the defendants. Plaintiff has filed a response to the defendants' motion, thus making the matter ripe for disposition.

Defendants assert that plaintiff has not exhausted his available administrative remedies pursuant to 42 U.S.C. §1997e(a). Plaintiff alleges that he did file grievances while at the prison and therefore did exhaust the administrative remedies that were available to him. After reviewing the plaintiff's amended complaint and response to the defendants' motion for summary judgment, the

1

Court finds that there is no question of material fact and that the defendants are entitled to judgment as a matter of law.

## I.

The plaintiff alleges the following sequence of events related to his claim. While an inmate at the Central Virginia Regional Jail of Orange County, plaintiff was attacked by another inmate with a scrub brush on May 4, 2002. The other inmate struck the plaintiff from behind and split open the skin on his head. The plaintiff required medical treatment and was taken to Culpeper Regional Hospital.

While at the hospital on May 5, 2002 plaintiff requested a grievance form from a floor deputy. Plaintiff waited for the deputy for hours before obtaining a grievance form from another prisoner. Plaintiff filled out the form obtained from the other prisoner, gave it to the floor deputy, and the floor deputy returned a copy of the grievance form to him.

On May 8, 2002, plaintiff obtained another grievance form from another inmate, completed it, and turned it in to the deputy on duty at the time. The deputy returned what appeared to be a copy of the grievance form to him and told him that the grievance had been filed. The allegations in the complaint are supported by the plaintiff's affidavit.

In support of the defendants' motion for summary judgment, however, defendants submitted affidavits stating that the plaintiff did not submit or request any grievance forms.

## II.

Prior to 1996, 42 U.S.C. § 1997(e), granted broad discretionary power to district courts to determine whether or not the grievance procedures used by a prison are a plain, speedy, and effective administrative remedy. <u>Nussle v. Porter</u>, 534 U.S. 516, 523 (2002). Discretionary power was also

2

granted to the district courts regarding the exhaustion requirement of the statute and was only controlling if the court believed that the requirement was appropriate and in the interests of justice in the particular case. 42 U.S.C. § 1997e(a) (1994 ed.).

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA") in an attempt to reduce the number of frivolous civil rights cases filed by prisoners. In the PLRA, Congress amended 42 U.S.C. § 1997e, the provision relating to prisoners' exhaustion of administrative remedies. As amended, that section requires that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). By the plain language of the statute, exhaustion of administrative remedies is a precondition to the <u>filing</u> of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the §1997e(a) requirement. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999). In enacting the amended form of 42 U.S.C. § 1997e, Congress attempted to reduce the number of prisoner suits while simultaneously improving the quality of the suits that prisoners' submit in federal court. Nussle v. Porter, 534 U.S. 516, 525 (2002). The absolute requirement of exhaustion would inevitably allow for prison officials to remedy the procedure or situation facing the prisoner, which in turn could satisfy the prisoner and make litigation unnecessary. Booth v. Churner, 532 U.S. 731, 737(2001). Furthermore, the internal grievance procedures would ferret out frivolous claims thereby promoting judicial economy and efficiency. See id. Finally, by requiring the prisoner to exhaust all available administrative

3

remedies, a fully developed record that adequately establishes and clarifies the particularities of each case will be available for those cases that are ultimately brought to court. See id.

The United States Supreme Court has held that Section 1997e(a) applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," Nussle, 534 U.S. at 531 (2002), and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies, Booth, 532 U.S. at 731 (2001).

## III.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed facts for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

4

## IV.

Plaintiff's affidavit that was submitted in his response to the motion for summary judgment directly contradicts information in the affidavits submitted by the defendants. Although some facts are contested regarding the first step in the grievance process, considering the facts in a light most favorable to plaintiff, the Court finds no genuine issue of material fact as to the subsequent steps. Therefore, defendants are entitled to judgment as a matter of law.

Defendants produced excerpts from the <u>Inmate Rules and Regulations Handbook</u> regarding the administrative procedures for grievances available to prisoners in May of 2002. After an initial informal complaint, if a prisoner is unhappy with the resolution he must file an Inmate Request Form within 9 calendar days of the initial event giving rise to the complaint. If the prisoner is still unhappy with the resolution, then the prisoner must file the grievance within 9 days after receiving a response to the Inmate Request Form. If the prisoner is still unhappy, the prisoner is allowed to appeal to the Chief of Inmate Services within 9 days from receiving the response to the grievance form. The prisoner may then appeal to the Chief Correctional Officer if he is displeased with the resolution. The decision of the Chief Correctional Officer is appealable to the Superintendent of the Jail. The decision of the Superintendent is final and represents the last administrative remedy available to a prisoner of the Central Virginia Regional Jail of Orange County.

Taking plaintiff's allegations in the light most favorable to him, it is clear that the plaintiff did not exhaust the available administrative remedies and has not complied with §1997e(a). The plaintiff asserts that he filed two grievance forms and that copies of both were returned to him. The plaintiff does not assert that he appealed either of these grievances to the Chief of Inmate Services. As the plaintiff did not pursue the second step of the administrative procedures available to him, the

plaintiff did not exhaust the available administrative remedies and this matter must be dismissed. The plaintiff does not allege in any affidavit or produce any evidence that he did pursue the issue any further than the initial grievance forms, the first step in the administrative remedies, not the last. Booth v. Churner, 532 U.S. 731, 735 (2001).

Furthermore, the plaintiff's claim that his transfer on May 10, 2002 precluded him from being able to pursue administrative remedies is unpersuasive. The plaintiff was able to contact the deputy superintendent of the "jail" by mail as shown by a letter sent on January 17, 2003. In the letter, the plaintiff simply requests the name of his attacker in an effort to pursue criminal charges against him. In this letter, written nearly nine months after the incident, the plaintiff still makes no mention of any of the grievances he filed or any appeals that he would like to file.

Under the facts alleged by the plaintiff, taken in a light most favorable to the plaintiff, the defendants are entitled to judgment as a matter of law because the plaintiff did not exhaust the administrative remedies available to him.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This ____ day of June, 2005.

/s/ James C. Turk
Senior United States District Judge